# EXHIBIT A



**Township Council**
c/o Township Clerk
Teaneck, NJ 07666

Meeting: 01/18/22 08:00 PM
Department: Township Clerk
Category: Amend
DOC ID: 6993

**ORDINANCE (ID # 6993)**

## Ordinance No. 2-2022 AMEND AND REVISE THE DEVELOPMENT REGULATIONS, OF THE CODE OF THE TOWNSHIP OF TEANECK ARTICLE V CHAPTER 33, SECTIONS 33-23 AND 33-25 WITH RESPECT TO CONDITIONAL USE STANDARDS, AND SECTION 33-24 TO ESTABLISH THE COMMUNITY CENTER OVERLAY (CCO) ZONING DISTRICT WITH RESPECT TO NON-GOVERNMENTAL USES WITH WITHIN THE P PUBLIC LAND DISTRICT BE IT RESOLVED by the Township Council of the Township of Teaneck that Ordinance #2-2022 pass upon second and final reading and that the Township Clerk is hereby authorized and directed to advertise the same according to law and to provide the appropriate notices in accordance with law.

AMEND AND REVISE THE DEVELOPMENT REGULATIONS, OF THE CODE OF THE TOWNSHIP OF TEANECK ARTICLE V CHAPTER 33, SECTIONS 33-23 AND 33-25 WITH RESPECT TO CONDITIONAL USE STANDARDS, AND SECTION 33-24 TO ESTABLISH THE COMMUNITY CENTER OVERLAY (CCO) ZONING DISTRICT WITH RESPECT TO NON-GOVERNMENTAL USES WITH WITHIN THE P PUBLIC LAND DISTRICT

BE IT RESOLVED by the Township Council of the Township of Teaneck that Ordinance #2-2022 pass upon second and final reading and that the Township Clerk is hereby authorized and directed to advertise the same according to law and to provide the appropriate notices in accordance with law.

**HISTORY:**

| 01/04/22 | Township Council | INTRODUCED |
|---|---|---|

**COMMENTS - Current Meeting:**

1) Alan Sohn - "*On January 4th, in response to a question about Ordinance 2-2022 from neighbor Susan Schultz, Mr. Shahdanian stated that the ordinance "doesn't change anything other than make that use permissible in that area... So, there's no change to the other requirements." This statement is entirely false. Ordinance 2, section 11 says that the "Council wishes to provide an overlay zoning district to permit certain specified non-governmental uses ...within the Township's P Public Land District". Section 12 then lists two properties said to be in the P Public Land zone, the Rodda Center and AUCC at 50 Oakdene. Section 13 then states that the purpose of the overlay zone is "to restrict and provide guidance for the use of former public lands, buildings and structures for private, community or religious use." In which "Permitted principal uses." Would include "Privately-owned non-profit community centers... and houses of worship." But 50 Oakdene isn't public land and hasn't been so since it was sold off by the school district in 2001. The Rodda Center is still very much public land. If AUCC is not public land, then the two properties have nothing in common and this is illegal spot zoning. If you take the ordinance at its word, the Rodda Center could be legally converted into a privately-owned community center or used as a house of*

> *worship. Maybe some council members want to sell off the Rodda Center or change it into a religious use. One gym could be the men's section and the other gym could be for women. Sounds perfect. But it would also be a patently unconstitutional violation of Church and State. You had one job and yet again you couldn't do it right. The Ordinance is entirely inconsistent with the Master Plan and several neighbors raised issues at last week's Planning Board meeting, where Keith Kaplan went off on an unhinged rant, insisting that the only reason one could be opposed to the ordinance is because you were anti-Black, anti-Orthodox or anti-Muslim. No surprise that he would attack a diverse group of women and men, with his baseless BS. His alleged proof that the neighbors are biased is that someone living 40 years ago in one of the homes of one of the neighbors wrote a letter he didn't like. But the neighbors didn't reject the AUCC application. The Board of Adjustment did. Keith, doesn't that mean that you're accusing the Board of Adjustment of being racists. And aren't you a racist yourself for appointing bigots to the Board of Adjustment? In the year ahead, I commit myself to see that Keith Kaplan is going to be done away with one way or another, for his behaviors and his brazenly false claims of racism. The constant attacks against women and minorities from Keith and the rest of this council majority must be put to an end. Vote NO on this ordinance. Vote NO on Keith Kaplan, Jim Dunleavy and Elie Katz."*

2) Susan Schultz - expressed disagreement with this ordinance and cited examples of concerns of neighbors. She recommended Council request an extension from the Judge in the AUCC matter.

3) Patty Barksdale - shared a historical perspective of the AUCC matter and expressed disagreement with the ordinance.

4) Bushra - voiced support for this ordinance.

5) Rosa Tumipamba - expressed disagreement with this ordinance & provided a historical perspective.

6) Sam - voiced support for this ordinance.

7) Marilyn Figueroa - expressed disagreement with this ordinance.

8) Milac H - voiced support for this ordinance.

9) Chuck Powers - opined that the Planning Board did not do their job in regards to this ordinance.

10) Mahejabeen Kathawala - voiced support for this ordinance.

11) Sobaan S - voiced support for this ordinance.

12) Kevin Barksdale - voiced opposition to this ordinance and spoke against accusations of the neighbors of AUCC being racist.

13) Michael Klatsky - opined that this ordinance is precedent setting, and posed different thoughts on the matter.

14) Steven Fischler - voiced opposition to this ordinance.

15) Cathy Doherty - voiced opposition to this ordinance; and the size of the building specifically.

16) Cherryhan Eid - voiced support for this ordinance.

17) Melissa - voiced opposition to this ordinance.

18) Clara Williams - voiced opposition to AUCC.

The Mayor invited Keenan Williams from Phillips & Preiss Planning to speak on Ordinance #2-2022. Mr. Williams went over changes this ordinance puts forth.

Council then shared their thoughts on the ordinance.

| | |
|---|---|
| **RESULT:** | **ADOPTED BY CONSENT VOTE [UNANIMOUS]** |
| **MOVER:** | Keith Kaplan, Councilman |
| **SECONDER:** | Michael S Pagan, Councilman |
| **AYES:** | Katz, Schwartz, Orgen, Dunleavy, Kaplan, Pagan |
| **ABSENT:** | Gervonn Romney Rice |

TOWNSHIP OF TEANECK
BERGEN COUNTY, NJ

### ORDINANCE NO. 2-2022 AMEND AND REVISE THE DEVELOPMENT REGULATIONS, OF THE CODE OF THE TOWNSHIP OF TEANECK ARTICLE V CHAPTER 33, SECTIONS 33-23 AND 33-25 WITH RESPECT TO CONDITIONAL USE STANDARDS, AND SECTION 33-24 TO ESTABLISH THE COMMUNITY CENTER OVERLAY (CCO) ZONING DISTRICT WITH RESPECT TO NON-GOVERNMENTAL USES WITH WITHIN THE P PUBLIC LAND DISTRICT BE IT RESOLVED BY THE TOWNSHIP COUNCIL OF THE TOWNSHIP OF TEANECK THAT ORDINANCE #2-2022 PASS UPON SECOND AND FINAL READING AND THAT THE TOWNSHIP CLERK IS HEREBY AUTHORIZED AND DIRECTED TO ADVERTISE THE SAME ACCORDING TO LAW AND TO PROVIDE THE APPROPRIATE NOTICES IN ACCORDANCE WITH LAW.

**WHEREAS,** the Township Council is desirous to correct and address certain provisions of the Township Development Regulations relating to conditional uses which are inconsistent with the requirements of the New Jersey Municipal land Use Law N.J.S.A. 44:55D- 1 et. seq. or are otherwise unnecessarily onerous or unnecessary with respect to community residences, family day care homes, and child-care centers, and/or are otherwise unnecessarily onerous as set forth in Article I, Chapter 33, Section 33-3 and Article V, Chapter 33, Sections 33-23 and 33-35; and

**WHEREAS,** the Township Council intends to eliminate inconsistencies and redundancies in landscape buffer standards for non-residential uses as set forth in Article II, Chapter 33, Section 33-15 and Article V, Chapter 33, Section 33-35; and

**WHEREAS,** the Township Council wishes to provide an overlay zoning district to permit certain specified non-governmental uses and establish standards therefor within certain properties within the Township's P Public Land District; and

**WHEREAS,** the Township Clerk provided notice of the proposed zoning amendment to each of the property owners located within the proposed boundaries of the overlay zoning district

Ordinance (ID # 6993)                                            Meeting of January 18, 2022

which is established by this ordinance and within 200 feet of the proposed boundaries of the new overlay zoning district, pursuant to N.J.S.A. 40:55D-62.1;

**NOW, THEREFORE, BE IT ORDAINED** by the Township Council of the Township of Teaneck, Bergen County, New Jersey, as follows:

## SECTION 1.

Section 33-3, Definitions; rules of construction, of Article I, General provisions, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to amend the following definitions to read as follows:

### CHILD-CARE CENTER

Any home or facility, by whatever name known, which is maintained for the care, development, or supervision of six or more children under 13 years of age who attend for less than 24 hours a day.

### DAY-CARE FACILITY or FAMILY DAY-CARE HOME

The private residence of a family day care provider which is registered as a family day care home pursuant to the "Family Day Care Provider Registration Act," P.L.1987, c.27 (C.30:5B-16 et seq.).

## SECTION 2.

Subsection (s) of Section 33-15, Standards and specifications, of Article II, Subdivisions, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read in full as follows:

Section 33-15 Standards and specifications.

(s) Buffers and screening. Except in the RC-1, RC-2 or RC-3 redevelopment districts (wherein buffer areas and screening are to be considered as part of a planned unit residential development and planned commercial development), if a lot to be developed abuts a residential use or residential district, the following buffer and screening requirements shall apply:

    (1) Buffer width. Unless otherwise specified by this chapter or the approving authority, a buffer area, from which parking is excluded, shall be no less than twenty-five (25) feet in width along the rear yard boundary and no less than fifteen (15) feet in width along the side yard boundaries. Buffer areas shall be contiguous with residential property lines and shall be of uniform width. If the available buffer area is less than what is required, the applicant may be required to erect a six-foot-high privacy fence or equivalent dense evergreen planting a minimum of six feet in height within the buffer area and at a point parallel to the lot line of the abutting lot and at a distance appropriate for the landscaping treatment in the buffer area.

    (2) Requirements for screening; planting in the buffer area.

    a. Whenever a use or structure is required to be screened or a buffer area is required, it shall consist of massed evergreen and deciduous trees, planted in such a fashion that will produce, within three growing seasons, a screen of at least six feet in height. The quantity of existing natural screening shall be taken into consideration in evaluating the development application. Evergreen trees shall not be less than five feet high when planted and the lowest branches shall be not more than one foot above the ground.

    b. In the event that evergreens and deciduous trees will not grow satisfactorily in said buffer areas, privacy fences, six feet high, may be required pursuant to the permit procedures of Chapter 2 of this Code. In the alternative, a landscaped earth berm may be required, not less than five feet high.

**SECTION 3.**

Section 33-23, Rules of general application, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to add thereto subsections (j) and (k) to read as follows::

Section 33-23 Rules of general application

(j) Community residences, family day care homes, and child-care centers

    (1) The following uses shall be permitted in all residential districts.

        a. Community residences for persons with developmental disabilities, subject to the definition in N.J.S.A. 40:55D-66.2a.

        b. Community shelters for victims of domestic violence, subject to the definition in N.J.S.A. 40:55D-66.2b.

        c. Community residences for persons with head injuries, subject to the definition in N.J.S.A. 40:55D-66.2c & subject to the definition in N.J.S.A. 40:55D-66.2d.

        d. Community residences for persons with terminal illnesses, subject to the definition in N.J.S.A. 40:55D-66.2e.

        e. Adult family care homes for persons who are elderly and adults with physical disabilities.

    (2) Family day care homes shall be permitted in all residential districts.

        a. Family day care homes shall meet the definition at N.J.S.A. 40:55D-66.5b.2d

        b. Pursuant to N.J.S.A. 40:55D-66.5b.2b, in condominiums, cooperatives and horizontal property regimes that represent themselves as being primarily for retirees or elderly persons, or which impose a minimum age limit tending to attract persons who are nearing retirement age, deed restrictions or bylaws may prohibit family day care homes from being a permitted use.

Ordinance (ID # 6993)                                              Meeting of January 18, 2022

(3) Child-care centers for which, upon completion, a license is required from the Department of Human Services, shall be permitted in all non-residential districts.

(k) General landscape buffer requirements. All non-residential uses adjoining or abutting a residential zone or use shall provide a landscaped buffer in accordance with the standards and specifications of Section 33-15, Subsection (s).

**SECTION 4.**

Paragraph (3), Conditional uses, of Subsection (a), R-S Residential Single-Family Detached District, of Section 33-24, Zone district requirements, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows

Section 33-24 Zone district requirements

(a) R-S Residential Single-Family Detached District

    (3) Conditional uses.

        a. Home professional offices employing two persons but no more than six persons other than the resident professional, subject to the provisions of Section 33-25 of this chapter.

        b. Public and private nursery, elementary and secondary schools, but not trade or business schools, subject to the provisions of Section 33-25 of this chapter.

        c. Quasi-public buildings and recreation areas, subject to the provisions of Section 33-25 of this chapter.

        d. Houses of religious worship, subject to the provisions of Section 33-25 of this chapter.

**SECTION 5.**

Subsection (b) of Section 33-25, Conditional use criteria, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows

:

Section 33-25 Conditional use criteria.

(b) Public nursery schools and public and private elementary and secondary schools. The following specifications and standards shall apply to the development of public nursery schools and public, parochial and private elementary and secondary schools in a district which permits the same as a conditional use:

    1) They shall be certified by the appropriate licensing authority of the State of New Jersey.

    2) Dimensional, density and other bulk restrictions.

        a. Minimums.

Page 7

Ordinance (ID # 6993)                                               Meeting of January 18, 2022

| | |
|---|---|
| Lot area | |
| Public nursery schools | ½ acre |
| Elementary schools | 5 acres, plus 1 additional acre for each 100 pupils |
| Secondary schools | 10 acres, plus 1 additional acre for each 100 pupils |
| Lot width | |
| Public nursery schools | None |
| Elementary schools | 150 feet |
| Secondary schools | 400 feet |
| Front yard setback | |
| Public nursery schools | 25 feet or a distance equal to the height of the building, whichever is greater |
| Elementary schools and secondary schools | 100 feet |
| Rear yard setback | |
| Public nursery schools | 25 feet or a distance equal to the height of the building, whichever is greater |
| Elementary schools | 100 feet |
| Side yard width | |
| Public nursery schools | 15 feet or a distance equal to 1/2 the height of the building, whichever is greater, for either side yard, for both side yards of 30 feet or a distance equal to the height of the building, whichever is greater |
| Elementary schools and secondary schools | 100 feet for either side yard, and a combined width for both side yards of 200 feet |

    b. Maximums.

| | |
|---|---|
| Building coverage: | |
| Public nursery schools | 30% |
| Elementary schools | 35% |
| Lot coverage: | |
| Public nursery schools | 60% |
| Building height: | |
| Public nursery schools | 35 feet |

3) On-tract parking shall be provided in the following ratios:

Ordinance (ID # 6993)　　　　　　　　　　　　　　　　　Meeting of January 18, 2022

| | |
|---|---|
| Public nursery schools | 1 parking space per staff member or employee, plus 3 spaces, but no less than a total of 5 parking spaces |
| Elementary schools and junior high schools | 1 parking space per staff member or employee, plus 1 parking space for each 10 pupils |
| High schools | 1 parking space per staff member or employee, plus 1 parking space for each 5 pupils |

The foregoing requirements are deemed to be minimum requirements and may be increased by the approving authority based upon the unavailability of public transportation, the distances to be traveled by the student population and, in the case of high school students, the percentage of students driving their own motor vehicles.

4) On-site loading and unloading areas for buses and delivery vehicles shall be provided no closer than 150 feet to any intersecting public street.

5) No driveway shall open onto a public street within 150 feet of an intersecting public street, measured from the intersection of the tangents of the adjacent curblines.

6) Development shall be barred if any lot line of the proposed development would be either within a one-thousand-foot linear zone or within a two-hundred-fifty-foot perimeter zone, in which the lot line of an existing school, house of religious worship, nonprofit recreational facility, public or private meeting hall or other place of public assembly is also within said linear zone or perimeter zone.

   As used herein, "linear zone" shall mean both sides of the street on which the proposed development will front, and, if the street terminates less than 1,000 feet in either direction, then the linear zone shall include the balance of 1,000 feet along the same street course as if it were extended. If the street right-of-way changes course and/or becomes another named street, the linear zone shall continue into the new course or new street for the balance of the linear distance.

   As used herein, "perimeter zone" shall mean the area surrounding the proposed development lot and parallel to the lot lines of the proposed development.

7) Fences not exceeding six feet in height may be permitted within the required front yard, side yard and rear yard setbacks, provided same comply with the sight triangle requirements of Section 33-29(b)(1) required at each intersection of streets and streets and driveways.

**SECTION 6.**

Ordinance (ID # 6993)										Meeting of January 18, 2022

Subsection (d), Houses of religious worship, of Section 33-25, Conditional use criteria, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows:

Section 33-25 Conditional use criteria.

(d) Houses of religious worship. The following specifications and standards shall apply to the development of houses of worship in a district which permits same as a conditional use:

(1) Fences not exceeding six feet in height may be permitted within the required front yard, side yard and rear yard setbacks, provided same comply with the sight triangle requirements of Section 33-29(b)(1) required at each intersection of streets and streets and driveways.

(2) Dimensional, density and other bulk restrictions.
   a. <https://ecode360.com/13629116>Minimums.

| | |
|---|---|
| Side yard width | 15 feet or a distance equal to 1/2 of the height of the building, whichever is greater |
| Side yard width, combined | 30 feet or a distance equal to the height of the building, whichever is greater |
| Front yard setback | 25 feet or a distance equal to the height of the building, whichever is greater |
| Rear yard setback | 25 feet or a distance equal to the height of the building, whichever is greater |

   b. <https://ecode360.com/13629117>Maximums.

| | |
|---|---|
| Building coverage | 30% |
| Lot coverage | 60% |
| Building height | 35 feet |

(3) Off-street parking shall be provided as follows: One on-tract parking space shall be provided for every 100 square feet of public assembly area up to 3,000 square feet. In excess of 3,000 square feet of public assembly area, 30 on-tract parking spaces shall be provided, plus one on-tract parking space for every 200 square feet of public assembly area in excess of 3,000 square feet of public assembly space.

(4) No driveway shall open onto a public street within seventy-five feet of an intersecting public street, measured from the intersection of the tangents of the adjacent curblines.

(5) The exterior design of any structure used in connection with such facility shall conform to the general character of the area.

**SECTION 7.**

Ordinance (ID # 6993)                                    Meeting of January 18, 2022

Subsection (e), Group care housing, of Section 33-25, Conditional use criteria, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows:

Section 33-25 Conditional use criteria.

(e) (Intentionally omitted)

**SECTION 8.**

Paragraph (3) of Subsection (f) of Section 33-25, Conditional use criteria, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows:

Section 33-25 Conditional use criteria.

(f) Nursing homes. The following specifications and standards shall apply to the development of a nursing home in a district which permits same as a conditional use:

(3) (Intentionally omitted)

**SECTION 9.**

Paragraph (5) of Subsection (g) of Section 33-25, Conditional use criteria, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows:

Section 33-25 Conditional use criteria.

(g) Motor vehicle service stations and public garages. The following specifications and standards shall apply to the development of motor vehicle service stations and public garages in a district which permits same as a conditional use:

(5)(Intentional omitted)

**SECTION 10.**

Paragraph (5) of Subsection (n) of Section 33-25, Conditional use criteria, of Article V, Zoning, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to read as follows:

Section 33-25 Conditional use criteria.

(n) Assisted living facility. The following specifications and standards shall apply to the development of assisted living facilities which are allowed as a conditional use in all zone districts pursuant to this Subsection (n) except for the L-I Light Industry Zone and the RR-M Redevelopment Residential Multifamily Zone:

(5)(Intentionally omitted)

Ordinance (ID # 6993)                                      Meeting of January 18, 2022

**SECTION 11.**

Section 33-22 Establishment of Zoning Districts; Interpretation, of Article V, Zoning Ordinance, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to add the following zoning district to paragraph (a) thereof:

"CCO - Community Center Overlay District"

**SECTION 12.**

The Table of Zoning Map Amendments, as contained in Attachment 1 to Chapter 33, "Development Regulations," of the Code of the Township of Teaneck, is hereby amended to add thereto the following:

| "Ordinance No. | Adoption Date | Change |
|---|---|---|
| | | The following Blocks and Lots now in the P Public Land District are hereby also included within the CCO - Community Center Overlay District |
| | | Block   Lots |
| | | 3203    1 |
| | | 4703    4 |

**SECTION 13.**

Section 33-24, Zone District Requirements, of Article V, Zoning Ordinance, of Chapter 33, Development Regulations, of the Code of the Township of Teaneck is hereby amended to add paragraph (ee) to read in full as follows:

(ee) CCO - Community Center Overlay District

(1) Purpose. The purpose of this district is to restrict and provide guidance for the use of former public lands, buildings and structures for private, community or religious use.

(2) Permitted principal uses.

   a. Privately-owned non-profit community centers, education establishments, recreation facilities and houses of worship.

(3) Permitted accessory uses: uses customarily incidental to the permitted principal uses.

(4) Conditional uses: none.

(5) Dimensional, density and other bulk restrictions:

    a. Minimum lot area: 1 acre

    b. Maximum lot coverage: 60%

    c. Minimum building setback from all property lines: 25 feet

    d. A solid wall or fence and/or landscaped buffer with a height of 6 feet shall be provided along all property lines that abut residential-zoned property subject to the provisions and requirements set forth in Subsection (c) of Section 33-29.

    e. Minimum parking spaces: 1 for every 4 allowable occupants in the largest place of assembly

(6) Other provisions and requirements: none.

**SECTION 14.** Inconsistency.   All ordinances or parts thereof inconsistent herewith are hereby repealed to the extent of such inconsistency.

**SECTION 15.** Severability.  If any sentence, section, clause, or other portion of this ordinance, or the application thereof to any person or circumstance, shall for any reason be adjudged by a court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or repeal the remainder of this ordinance.

**SECTION 16.** Effective Date.  This ordinance shall take effect twenty (20) days following passage and publication, or as otherwise required by law, and upon filing with the Planning Board of the County of Bergen.

_____
James Dunleavy, Mayor

ATTEST:

_____
Doug Ruccione, Township Clerk

Introduced: 1-4-22
Adopted: 1-18-22