UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL UMMAH COMMUNITY CENTER, AKA, AUCC FAMILY, EDUCATION AND FAITH CENTER, a New Jersey Non-Profit Corporation, RAY OF SUNSHINE FOUNDATION INC., a New Jersey Non-Profit Corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>TEANECK, TEANECK ZONING BOARD OF ADJUSTMENT, and its Members, HARVEY ROSEN, DANIEL WETRIN, MONICA HONIS, JENNIFER PRINCE, JERRY L. BARTA, EDWARD MULLIGAN, ATIF REHMAN, MARK MERMELSTEIN, ZEV GREEN, JAMES BROWN, in their individual and official capacities, DAN MELFI, individually and in his official capacity, and JOHN AND JANE DOES 1-20, in their individual and official capacities,<br><br>     Defendants. | Case No. 2:20-CV-14181<br><br><br><br><br><br><br><br><br>**DECLARATION IN SUPPORT OF MOTION TO WITHDRAW APPEARANCE BY BEATTIE PADOVANO, LLC AS ATTORNEYS FOR THE TEANECK <u>ZONING BOARD OF ADJUSTMENT</u>** |

   DANIEL L. STEINHAGEN, pursuant to 28 U.S.C. § 1746(2), certifies as follows:

   1.  I am a member of the law firm Beattie Padovano LLC ("BP") of Montvale, New Jersey.

   2.  I make and respectfully submit this Declaration in support of BP's motion pursuant to L.Civ.R. 102.1 to withdraw as counsel for the Teaneck Zoning Board of Adjustment (the "Zoning Board"), the only party that BP currently represents.

   3.  BP initially appeared in this action on behalf of the following defendants in addition to the Zoning Board: Harvey Rosen, Daniel Wetrin, Monica Honis, Jennifer Prince,

Jerry L. Barta, Edward Mulligan, Atif Rehman, Mark Mermelstein, Zev Green and James Brown who are all Zoning Board of Adjustment members, in their individual and official capacities (the "ZBA Members").

4. By Order dated December 20, 2021 [ECF No. 55], BP was granted leave to withdraw as counsel for the ZBA Members.

5. ZBA Members (and BP's former clients in this matter) Harvey Rosen, Daniel Wetrin, Monica Honis, Jennifer Prince, Jerry L. Barta, Edward Mulligan, Mark Mermelstein, Zev Green and James Brown are now represented by the firm Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, of Phillipsburg, New Jersey. *See* ECF No. 65.

6. ZBA Member (and BP's former client in this litigation) Atif Rehman is now represented by the law firm Scarinci Hollenbeck LLC of Lyndhurst, New Jersey. *See* ECF Nos. 62, 63.

7. On June 17, 2022, Atif Rehman was deposed in this matter by counsel for Plaintiffs.

8. On July 5, 2022, plaintiffs filed oppositions to various outstanding Motions to Dismiss. *See* ECF Nos. 103 through 106.

9. Those oppositions relied in part upon the deposition testimony of Atif Rehman. *See* ECF Nos. 103-4; 104-4; 105-4; and 106-4.

10. Following the deposition of Atif Rehman and the oppositions filed by Plaintiffs, I had communications with the Zoning Board's committee responsible for this litigation (the "Litigation Committee").

11. Based upon the deposition testimony of Mr. Rehman, the plaintiffs' oppositions to the motions, and my communications with the Litigation Committee, it became apparent that the Zoning Board may be adverse to Mr. Rehman in this litigation.

12. Accordingly, it became impossible for BP to continue to represent the Zoning Board in this litigation. For these reasons, BP seeks to withdraw as counsel for the Zoning Board.

13. Mr. Rehman's deposition testimony was scheduled to continue on July 15, 2022, at which BP would have been compelled to participate.

14. Thus, BP advised all counsel of record and the Zoning Board that it was compelled to withdraw as counsel for the Zoning Board.

15. No Answer has been filed for or on behalf of any defendant and, accordingly, there is no prejudice to any of the litigants that would result from BP's withdrawal at this time.

16. I have been advised that the Zoning Board of Adjustment is actively pursuing successor counsel.

17. As this Court has assisted all counsel in attempting to resolve the issues raised in the Complaint, withdrawal by this law firm at this time should result in no harm to the administration of justice.

18. Finally, in respectfully requesting that this motion be granted, we believe it appropriate that the Court direct that the Zoning Board appear by counsel, if they shall so choose, within thirty days of the date of entry of the order granting this application. This brief pause should not delay the resolution of this case.[1]

---

[1] *See Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2022.

_____
DANIEL L. STEINHAGEN