IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL UMMAH COMMUNITY CENTER, AKA, AUCC FAMILY, EDUCTION AND FAITH CENTER, a New Jersey Non-Profit Corporation; RAY OF SUNSHINE FOUNDATION INC., a New Jersey Non-Profit Corporation, | Docket: 2:20-cv-14181-KM-ESK <br><br> Civil Action |
| Plaintiff(s), | |
| v. | |
| TEANECK; TEANECK ZONING BOARD OF ADJUSTMENT; and its Members, JAN MEYER; HARVEY ROSEN; DANIEL WETRIN; MONICA HONIS; JENNIFER PRINCE; JERRY L. BARTA; EDWARD MULLIGAN; ATIF REHMAN; MARK MERMELSTEIN; ZEV GREEN; JAMES BROWN, in their individual and official capacities; DAN MELFI, individually and in his official capacity; ADAM MYSZKA, individually and in his official capacity; and JOHN AND JANE DOES 1-20, in their individual and official capacities, | |
| Defendants. | |

**BRIEF OF DEFENDANT JAN MEYER IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(1) AND 12(B(6)**

Page **1** of **20**

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**……………………………………………………………….. 5

**STATEMENT OF FACTS**……………………………………………………………………... 7

**PROCEDURAL HISTORY**……………………………………………………………………. 8

**ARGUMENT**…………………………………………………………………………………… 9

    I.    STANDARD OF REVIEW……………………………………………………… 9

        A. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)…………………….. 9

        B. Documents Outside the Pleadings…………………………………………….. 9

    II.    THE CLAIMS AGAINST DEFENDANT JAN MEYER MUST BE DISMISSED WITH PREJUDICE AS HE IS PROTECTED BY ABSOLUTE QUASI-JUDICIAL IMMUNITY……………………………………………………………10

    III.    THE CLAIMS AGAINST DEFENDANT JAN MEYER MUST BE DISMISSED DUE TO IMPERMISSIBLY VAGUE GROUP PLEADING……………………14

    IV.    COUNT IV - THE NEW JERSEY LAW AGAINST DISCRIMINATION – MUST BE DISMISSED AS JURISDICTION LIES WITH THE NEW JERSEY SUPERIOR COURT………………………………………………………………… 17

    V.    COUNT XII – NEW JERSEY MUNICPAL LAND USE LAW ("MLUL") – MUST BE DISMISSED BECAUSE THE MLUL DOES NOT PROVIDE A CAUSE OF ACTION AGAINST INDIVIDUAL ZONING BOARD MEMBERS………………………………………………………………………….. 18

    VI.    COUNT XIII – AIDING AND ABETTING – MUST BE DISMSSED BASED ON PLAINTIFF'S FAILURE TO FILE A TORT CLAIMS NOTICE PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT……………………………………..19

**CONCLUSION**…………………………………………………………………………….  20

**TABLE OF AUTHORITIES**

**CASES:**

*Anastasio v. Planning Bd. of Twp. of West Orange*, 209 N.J. Super. 499, 525 (App. Div. 1986)……………………………………………………………………………………………. 12

*Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)………………………………………………………9

*Bais Brucha Inc. v. Twp. of Toms River*, Civil Action No. 21-3239 (ZNQ) (RLS), 2023 U.S. Dist. LEXIS 3297 (D.N.J. Jan. 9, 2023)…………………………………………………………17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)…………………………………………..9, 14

*Bradley v. Fisher*, 80 U.S. 335, 347 (1871)…………………………………………………..10, 13

*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)……………………………..9

*Centennial Land & Dev. Co. v. Twp. of Medford*, 165 N.J. Super. 220, 230 (Law Div. 1979) ……………………………………………………………………………………………......11, 12

*Falat v. County of Hunterdon,* No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) …………………………………………………………………………………………………14

*Figueroa v. Blackburn*, 39 F. Supp. 2d 479, 485 (D.N.J. 1999)…………………………………10

*Flight Sys., Inc. v. Elec. Data Sys.*, 112 F.3d 124, 127-28 (3d Cir. 1997)………………………….9

*Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013) …………………10

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ………………………………………………………10

*Jodeco, Inc. v. Hann*, 674 F. Supp. 488, 498-99 (D.N.J. 1987)…………………………… passim

*Jones v. Morey's Pier, Inc.*, 230 N.J. 142, 154 (2017) ………………………………………… 19

*Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) ………………………… .9

*Kessler Inst. for Rehab., Inc. v. Mayor of Essex Fells*, 876 F. Supp. 641, 664–65 (D.N.J. 1995) ……..………………………………………………………………………………………. 17

*Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386 (D.N.J. 2019) …………………………………14

*Mireles v. Waco*, 502 U.S. 9 (1991) ……………………………………………………………..10

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ………………… 9

*O'Neil v. City of Lake Oswego*, 642 F.2d 367, 370 (9th Cir. 1981) ……………………………10

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984) ……………………17

*Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 388 (3d Cir. 2002) ……………………..9

*State, Dep't of Treasury, Div. of Inv. Ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super 469, 480 (N.J. App. Div. 2006)…………………………………………………………19

*Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ……………………………………………… 10

**STATUTES:**

New Jersey Constitution …………………………………………………………………... 5, 16

New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. …………………………5, 17

New Jersey Municipal Land Use Law, N.J.S.A. § 40:55D-1, et seq …………………………..5, 18

New Jersey Tort Claims Act.  N.J.S.A. 59:1-1, et seq. ………………………………………..6, 19

United States Constitution …………………………………………………………………5, 15, 16

42 U.S.C. § 1983 ……………………………………………………………………………… 12, 18

42 U.S.C. § 2000cc et seq ……………………………………………………………………...5

**RULES AND REGULATIONS:**

Fed. R. Civ. P. 12(b)(1) ……………………………………………………………………… 5, 9, 18

Fed. R. Civ. P. 12(b)(6) …………………………………………………………………….. 5, 9

Fed. R. Civ. P. 8(a)……………………………………………………………………………….5, 14

Defendant Jan Meyer submits this Memorandum of Law supporting his Motion to Dismiss Plaintiffs' Second Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT[1]

Plaintiffs Al Ummah Community Center ("AUCC") and Ray of Sunshine Foundation allege various claims of religious discrimination against Defendant Jan Meyer ("Meyer"), the Chairman of the Township of Teaneck Zoning Board of Adjustment ("Zoning Board"), in relation to an application for a community center. The counts pertinent to Defendant Meyer allege religious discrimination under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD"), the Fourteenth Amendment of the United States Constitution, the New Jersey Constitution, the New Jersey Municipal Land Use Law, N.J.S.A. § 40:55D-1, et seq. ("MLUL"), and a common law tort claim of Aiding and Abetting. Plaintiffs specifically do not allege that Defendant Meyer violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA").

Prior to Meyer being added as a defendant in the Second Amended Complaint, this Court dismissed Plaintiffs' First Amended Complaint for failure to plead with specificity under Fed R. Civ. P. 8(a), Certification of Mark R. Peck, Esq. in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint ("Peck Cert."), Ex. Q, (ECF No. 135-2), specifically due to impermissible group pleading. Plaintiff's Second Amended Complaint fails to remedy this deficiency and must be dismissed.

---

[1] As the other defendants have all filed briefs with certifications of counsel that include extensive and voluminous exhibits and statements of facts, this defendant will not burden the court with yet another set of hundreds of pages of the same exhibits and statements of facts. Rather, defendant will refer to the briefs and certifications of other counsel where appropriate.

Initially, all claims against Defendant Meyer must be dismissed as he is entitled to absolute quasi-judicial immunity as chairman of the Zoning Board, a quasi-judicial body. *Jodeco, Inc. v. Hann*, 674 F. Supp. 488, 498-99 (D.N.J. 1987).

The Second Amended Complaint must also be dismissed against Defendant Meyer for several other reasons. Count IV, claims under the New Jersey Law Against Discrimination, must be dismissed, as jurisdiction for such claims relating to land use lies with the Superior Court of New Jersey. Count XIII must be dismissed, as Plaintiff has failed to file the requisite Tort Claim Notice under the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 to N.J.S.A. 59:12-3 ("TCA"). Finally, the MLUL does not provide for causes of actions against individuals, and Count XI must be dismissed accordingly.

As the Second Amended Complaint suffers from numerous incurable defects and fails to state a claim upon which relief can be granted, and further because this court lacks subject matter jurisdiction, Plaintiffs' Second Amended Complaint must be dismissed with prejudice as to Defendant Meyer.

## STATEMENT OF FACTS

In order for the expediency of Court review and to save the Court from the necessity of reading a fifth set of substantially the same facts alleged in the four separate Motions to Dismiss previously filed by Defendants and currently pending before the Court, Defendant Meyer hereby adopts in its entirety, as if set forth herein, the Statement of Facts recited by the individual members of the Board of Adjustment named as Defendants, in the brief of Mark Peck, Esq. (pages 8-16) (ECF No. 135-1) in support of said Defendants' Motion to Dismiss the Second Amended Complaint.

## PROCEDURAL HISTORY

Plaintiffs filed their Complaint on October 9, 2020. Meyer was not named as a defendant in that Complaint. Plaintiff filed an Amended Complaint on March 29, 2022. Meyer was not named as a defendant in that Amended Complaint. On November 15, 2022, the Court issued an Order and Opinion dismissing Plaintiffs' Amended Complaint without prejudice.

On November 18, 2022, the Plaintiffs filed a Second Amended Complaint which added Meyer as a defendant for the first time. All other defendants filed Motions to Dismiss the Second Amended Complaint in December 2022. Defendant Jan Meyer now files the instant Motion to Dismiss the Second Amended Complaint with Prejudice under Fed R. Civ. P. 12(b)(1) and 12(b)(6).

## ARGUMENT

I.     **STANDARD OF REVIEW**

A.     **Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)**

Motions to dismiss for lack of subject matter jurisdiction under are governed by Fed R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Furthermore, the district court may not presume the truthfulness of plaintiff's allegations, but rather must "evaluate for itself the merits of [the] jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, a plaintiff's conclusory allegations and legal conclusions are not entitled to the same assumption of truth. Id. at 678. Thus, dismissal for failure to state a claim is justified where the asserted claim lacks a required element or whether immunity acts as a barrier to the claim. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Flight Sys., Inc. v. Elec. Data Sys.*, 112 F.3d 124, 127-28 (3d Cir. 1997).

B.     **Documents Outside the Pleadings**

In the context of a Motion to Dismiss, "[a] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion if the plaintiffs' claims are based on the document." *Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 388 (3d Cir. 2002)

(internal quotations omitted). "Such documents include exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents." *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013).

Here, like the other Defendants, Meyer relies upon Plaintiffs' application, plans, and appeals, the transcripts of the Zoning Board hearings, Ordinance 6993, and other documents referenced in the Peck Cert.

## II. THE CLAIMS AGAINST DEFENDANT JAN MEYER MUST BE DISMISSED WITH PREJUDICE AS HE IS PROTECTED BY ABSOLUTE QUASI-JUDICIAL IMMUNITY

It is well settled that judges enjoy complete absolute immunity from civil actions, regardless of motive, intent, or malice. *Mireles v. Waco*, 502 U.S. 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, [nor] if his exercise of authority is flawed by the commission of grave procedural errors." *Figueroa v. Blackburn*, 39 F. Supp. 2d 479, 485 (D.N.J. 1999) *citing Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judicial immunity "is not affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "Intent [. . .] plays no role in the foregoing analysis. Evil intent is not a sufficient element for piercing judicial immunity . . . ." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 370 (9th Cir. 1981).

This absolute immunity has been widely extended to individuals acting in a quasi-judicial capacity. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Specifically, in the case of New Jersey Zoning Boards of Adjustment, federal courts have made clear that members of said boards are acting in a quasi-judicial capacity and entitled to absolute immunity. *Jodeco, Inc. v. Hann*, 674 F. Supp. 488,

498 (D.N.J. 1987) ("defendant members of the Zoning Board of the Township of Voorhees, in executing their statutorily-created functions acted in a quasi-judicial capacity and are entitled to absolute immunity."). In *Jodeco*, the court specifically noted that Zoning Boards perform quasi-judicial functions, and therefore, the members thereof are entitled to absolute immunity. *Id.* at 498 ("That the zoning and planning boards perform quasi-judicial functions is not only evinced in the language of the Municipal Land Use Law, but is also supported by decisions of the New Jersey courts.") Citing New Jersey's leading case on the absolute immunity of Zoning Board members, *Centennial Land & Dev. Co v. Twp. of Medford*, the Court held that Zoning Boards "share[d] enough of the characteristics of the judicial process to warrant an absolute privilege, their respective members necessarily operated in a quasi-judicial capacity and were therefore properly immune from suit." *Jodeco*, 674 F. Supp. at 498 (citing *Centennial Land & Dev. Co. v. Twp. of Medford*, 165 N.J. Super. 220, 230 (Law Div. 1979)). The *Jodeco* Court further recognized the importance of public policy considerations in affording Zoning Board members absolute immunity, noting that

> [m]any of these local zoning officials serve voluntarily, often at night, without remuneration; yet they expend extensive time and effort in preparing and participating in the land use development of the community. Were this court to hold that these board members are without any immunity, the inevitable consequence would be to deter intelligent civic-minded persons from serving on municipal land use boards. The fear of incurring great expense in attorney's fees, losing time from employment and suffering the anxiety and distress resulting therefrom, could have no other effect.
>
> [*Jodeco*, 674 F. Supp at 498 (citing *Centennial*, 165 N. J. Super at 228).]

The *Jodeco* court also favorably cited a New Jersey Appellate Division opinion holding "members of a municipal planning board absolutely immune from damages in a § 1983 action."

*Id*. at 498 (citing *Anastasio v. Planning Bd. of Twp. of West Orange*, 209 N.J. Super. 499, 525 (App. Div. 1986)).  The *Jodeco* Court recognized that

> [i]n its opinion, the *Anastasio* Court stressed the need to preserve the freedom of zoning officials to exercise their quasi-judicial decision-making functions by ensuring that aggrieved plaintiffs, "who will frequently have significant financial resources and the ability to litigate, [do] not bring them into court." *Id.* The court added that immunizing local zoning officials from liability would not leave injured plaintiffs without a damage remedy in light of the Supreme Court's earlier ruling that municipal entities possess no civil immunities in § 1983 suits.
>
> [*Jodeco*, 674 F. Supp. at 498 (citing *Anastasio,* 209 N.J. Super at 525-526).]

As a result of this analysis, the Court in *Jodeco* concluded unequivocally that "members of the Zoning Board . . . in executing their statutorily-created functions, acted in a quasi-judicial capacity and are entitled to absolute immunity."  *Jodeco*, 674 F. Supp. at 498-499.

In this case it is clear from the allegations in the Second Amended Complaint itself that Meyer was performing the statutorily created quasi-judicial function of hearing a Zoning Board application as the Zoning Board chairman.  Specifically, Plaintiffs allege:

- "Defendant Meyer during the time Plaintiff's application was before the BOA to the present is the Chairperson of the BOA.  He has significant power in setting the agenda, running the meeting, dealing with professionals such as BOA attorneys and counsel, adjourning matters, delaying them, and is in charge of all business before the BOA, including this matter and the instant action."  Peck Cert., Exhibit S, Second Amended Complaint, ¶101.

- "*As the Chair*, Defendant Meyer imposed his discriminatory will to frustrate, delay, and discriminate against Plaintiffs." Peck Cert., Exhibit S, Second Amended Complaint, ¶103 (emphasis added).

- "He sets the tone *for how applications will be treated*, and other BOA members follow his lead."  Peck Cert., Exhibit S, Second Amended Complaint, ¶104 (emphasis added).

- "He prolonged *the application process* to drag it out so that he and the BOA could bleed Plaintiffs' resources and force them to withdraw the application." Peck Cert., Exhibit S, Second Amended Complaint, ¶104.

- "Defendant Meyer . . . continued to prolong the meetings at considerable time and expense to Plaintiffs . . .." Peck Cert., Exhibit S, Second Amended Complaint, ¶114.

- "*Being the Chair*, Defendant Meyer's conduct established that he was only interested in frustrating, delaying, and dragging out Plaintiffs' application as long as possible."  Peck Cert., Exhibit S, Second Amended Complaint, ¶118.

Plaintiffs do not allege that any of Meyer's actions occurred outside of the application hearings in his role as Zoning Board chairman.  In fact, every single allegation by the Plaintiffs against Meyer references Meyer's actions which occurred in his role as Chairman of the Zoning Board during Zoning Board hearings.  That is all that is needed to confirm that Defendant Meyer enjoys absolute quasi-judicial immunity, and any allegation by Plaintiffs of improper motive, intent, or malice is irrelevant to the analysis. *Bradley*, 80 U.S. at 347.  Accordingly, Meyer is entitled to absolute quasi-judicial immunity and the entire Second Amended Complaint must be dismissed with prejudice as to him.

### III. THE CLAIMS AGAINST DEFENDANT JAN MEYER MUST BE DISMISSED DUE TO IMPERMISSIBLY VAGUE GROUP PLEADING

Fed R. Civ. P 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. Impermissibly vague group pleading requires dismissal of the complaint. *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386 (D.N.J. 2019). *Falat v. Cty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

This Court has already dismissed Plaintiffs' First Amended Complaint for impermissible group pleading, recognizing that "[t]he complaint must clearly spell out which legal claims are asserted against whom and which factual allegations support each of those claims. Without such specificity, the requirements of Fed. R. Civ. P. 8(a) are not met." Peck Cert., Ex. S, Order and Opinion, Pg. 17. This Court noted that:

> [w]hile "[i]t may at times be appropriate and convenient for a pleading to use the short-hand term 'Defendants,'" it is impermissible to do so where, as here, a complaint names 14 separate defendants (exclusive of John Doe defendants), who occupied different positions and had distinct roles in the alleged misconduct. Falat, 2013 WL 1163751, at *3. In such circumstances, the plaintiffs "cannot merely state that 'Defendants did x,'—they must specifically allege which Defendants engaged in what wrongful conduct." See id. Otherwise, the defendants and the court are left to guess.
>
> Similarly, every one of the complaint's fourteen counts is asserted against the "Defendants" as a group. Given that each count incorporates by reference every allegation already made in the complaint (e.g., Compl. ¶278 ("Plaintiffs re-allege and incorporate herein by reference all paragraphs as if alleged herein.")), it is unclear not only which defendants AUCC seeks relief from on each count, but which factual allegations are intended to support each claim for relief.
>
> [Peck Cert., Ex. S, Order and Opinion, Pg. 17.]

The Second Amended Complaint fares no better. Plaintiffs continue to just "re-allege and incorporate by reference all paragraphs as of alleged herein" in all counts of the Second Amended Complaint. *See* Peck Cert., Exhibit S, Second Amended Complaint, ¶299, 303, 308, 313, 316, 320, 328, 344, 356, 367, 376, 383, 389, 402.

- Count IV – NJLAD – does not mention Defendant Meyer, is alleged as to "all defendants" and states that the defendants as a group are violating the NJLAD. It does not identify which individuals violated the LAD in what manner, or even what section of the LAD they violated, and does not even mention Meyer by name. Peck Cert., Exhibit S, Second Amended Complaint, ¶313-315.

- Count V – NJCRA – again groups all defendants together and does not identify how each defendant allegedly violated the NJCRA. Peck Cert., Exhibit S, Second Amended Complaint, ¶316-319.

- Count VI – US Constitution/Due Process – is alleged against all defendants, does not identify how each defendant violated the Constitution, and only makes specific allegations as to exactly how Defendants Melfi and Teaneck violated the Constitution. Peck Cert., Exhibit S, Second Amended Complaint, ¶320-327.

- Count VII – First and Fourteenth Amendments – is alleged against all defendants as a group, does not identify how each defendant individually violated the Constitution, and makes no specific allegations as to Defendant Meyer other than as part of a group. Peck Cert., Exhibit S, Second Amended Complaint, ¶328-343.

- Count VIII – New Jersey Constitution – again groups all defendants together and only makes specific allegations regarding actions of Defendants Melfi and

Teaneck, with no reference to Defendant Meyer other than as part of a group. Peck Cert., Exhibit S, Second Amended Complaint, ¶344-355.

- Count IX – Equal Protection – yet again is plead against all defendants, does not make any allegations as to Defendant Meyer particularly except as a group, and only makes particular allegations and Defendants Melfi and Teaneck. Peck Cert., Exhibit S, Second Amended Complaint, ¶356-366.

- Count X – NJ Constitution/Equal Protection – is alleged against all defendants, does not make any allegations as to Defendant Meyer other than as a group, and fails to identify or explain how Defendant Meyer individually violated the N.J. Constitution. Peck Cert., Exhibit S, Second Amended Complaint, ¶367-375.

- Count XII – New Jersey MLUL – is again alleged as to all defendants, only identifies Defendant Meyer as a group, and does identify or explain how Defendant Meyer allegedly individually violated the MLUL. Peck Cert., Exhibit S, Second Amended Complaint, ¶383-388.

- Count XIII – Aiding and Abetting – is alleged as to all defendants, only has one allegation as to Defendant Meyer, and does not in any way explain how he aided or abetted any other defendants or who he aided or abetted. Peck Cert., Exhibit S, Second Amended Complaint, ¶389-411.

Merely putting the names of the individual defendants in the various counts of the Complaint without stating which factual allegations are intended to support each claim for relief is not sufficient. The Second Amended Complaint fails to cure the deficiencies identified by this Court, and therefore must be dismissed for impermissibly vague group pleading.

### IV. COUNT IV - THE NEW JERSEY LAW AGAINST DISCRIMINATION – MUST BE DISMISSED AS JURISDICTION LIES WITH THE NEW JERSEY SUPERIOR COURT

The NJLAD, in particular N.J.S.A. § 10:5-12.5(a), provides that it is unlawful for a "municipality, county, or other local civil or political subdivision of the State of New Jersey, or an officer, employee, or agent thereof, to exercise the power to regulate land use or housing in a manner that discriminates on the basis of . . . creed . . . ." No other section of the NJLAD regulates discrimination related to land use.

The NJLAD further provides, however, that the land use prohibitions of the statute "may only be enforced by initiating an action in Superior Court . . . ." N.J.S.A. § 10.5-12.5(b). Courts have regularly interpreted this section to bar federal subject matter jurisdiction over such NJLAD claims. *Kessler Inst. for Rehab., Inc. v. Mayor of Essex Fells*, 876 F. Supp. 641, 664-65 (D.N.J. 1995) ("This Court concludes that the New Jersey Superior Court has exclusive jurisdiction over [p]laintiffs' NJLAD claims. Given the strong state interests involved in land use regulation[,] it is entirely plausible that the New Jersey Legislature intended to avoid federal court interference in this area."); *see also Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984) (holding that a state is immune from suit under the Eleventh Amendment absent its consent to be sued). Recently, NJLAD claims relating to religious discrimination in land use were dismissed *sua sponte* by a New Jersey District Court for the same reason. *See Bais Brucha Inc. v. Twp. of Toms River*, Civil Action No. 21-3239 (ZNQ) (RLS), 2023 U.S. Dist. LEXIS 3297 (D.N.J. Jan. 9, 2023).

Accordingly, this Court lacks subject matter jurisdiction over the Plaintiffs' land use discrimination claims under the NJLAD, and Count IV must be dismissed as to Defendant Meyer under Fed. R. Civ. P. 12(b)(1).

V. **COUNT XII – NEW JERSEY MUNICPAL LAND USE LAW ("MLUL") – MUST BE DISMISSED BECAUSE THE MLUL DOES NOT PROVIDE A CAUSE OF ACTION AGAINST INDIVIDUAL ZONING BOARD MEMBERS**

The New Jersey Municipal Land Use Law (N.J.S.A. 40:55D-1, et seq.) ("MLUL") does not provide any cause of action against individual Zoning Board members. An examination of the entire MLUL does not reveal any section that would remotely authorize a cause of action against individual Zoning Board members for discrimination, nor does a search of the case law reveal any cases in which a cause of action against individual Zoning Board members arising under the MLUL itself was even alleged, let alone endorsed by a court. Any claim that a government actor could be liable for damages for violating the MLUL would only theoretically be cognizable under separate statutes, such as 42 USC § 1983, rather than the MLUL itself. However, it is noted that such claims would not even be cognizable in the first place against individual Zoning Board members, as they enjoy absolute quasi-judicial immunity. *Jodeco*, 674 F. Supp. at 498-499.

Indeed, Plaintiffs in Count XII of the Second Amended Complaint do not cite to any section of the MLUL that they believe provides a cause of action against individual Zoning Board members arising from the MLUL itself, and, in fact, do not even mention the MLUL at all other than in the heading. This Court should not allow Plaintiffs to invent a new cause of action out of whole cloth. Accordingly, Count XII of the Second Amended Complaint must be dismissed.

VI. **COUNT XIII – AIDING AND ABETTING – MUST BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO FILE A TORT CLAIMS NOTICE PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT**

Aiding and abetting is considered a common law tort in New Jersey. *See State, Dep't of Treasury, Div. of Inv. Ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 469, 480 (App. Div. 2006). The New Jersey Tort Claims Act (N.J.S.A. § 59:1-1 et seq.) ("TCA") provides the exclusive remedy for tort claims against public entities and public employees arising from their

conduct within the scope of employment.  N.J.S.A. § 59:1-2.  The TCA defines employee as any "officer, employee, or servant, whether or not compensated or part-time, who is authorized to perform any act or service."  N.J.S.A. § 59:1-3.  This would include a non-compensated member of the Board of Adjustment.  The act requires that a notice of tort claim be filed within 90 days of the accrual of the claim.  N.J.S.A. § 59:8-8.  This requirement is a condition precedent to bringing a suit against a public entity or public employee.  *Id.*

The requirement to file a tort claim notice is mandatory and cannot be waived, and the failure to do so acts as a complete bar to recovery.  "If notice is not timely served in accordance with the statute, the claimant shall be forever barred from recovering against a public entity."  *Jones v. Morey's Pier, Inc.*, 230 N.J. 142, 154 (2017).  Here, Plaintiffs have failed to file a tort claim notice under the TCA and therefore Count XIII must be dismissed with prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Second Amended Complaint against Defendant Jan Meyer must be dismissed with prejudice.

Respectfully submitted,

*/s/ Alexander G. Fisher*

_____
Alexander G. Fisher, Esq.

Dated:  2/7/2023